## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **ERMES ANTONIO CORTEZ ,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action Number:** |
| | : | |
| **vs.** | : | |
| | : | **Jury Trial Demanded** |
| **ED PAINTING, INC., and EDWIN** | : | |
| **SANTOS,** | : | |
| | : | |
| **Defendants.** | : | |

## COMPLAINT

Plaintiff, by and through the undersigned counsel, brings this Complaint against Defendants and pleads as follows:

## INTRODUCTION

### 1.

Plaintiff Ermes Antonio Cortez (hereafter "Plaintiff") brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), (hereafter "the FLSA") to (1) recover the overtime pay that was denied him and an additional amount as liquidated damages; (2) for his costs of litigation, including his reasonable attorneys' fees.

2.

In addition to his federal cause of action, Plaintiff also brings a Pendent state law claim to recover deductions that were made from his pay to cover the cost of Workers' Compensation insurance in violation of O.C.G.A. § 34-9-121 and the public policy of the State of Georgia.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C §§ 1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

This Court has supplemental jurisdiction over Plaintiff's Pendent state in accord with 28 U.S.C. §1367 because the state law claim is so related to the federal claims that it forms part of the same case or controversy.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant is located in this judicial district; and all the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

6.

Plaintiff resides within Dekalb County, Georgia.

7.

ED Painting, Inc. (hereinafter "ED") and Edwin Santos (hereinafter "Santos") employed Plaintiff Ermes Antonio Cortez as a driver and painter within the State of Georgia as well as surrounding States from April 2007 until March 18, 2010.

8.

From on or about April 2007 until March 18, 2010, Plaintiff was an "employee" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

From on or about April 2007 until March 18, 2010, Defendants have been "engaged in commerce" as defined in 1) FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

10.

From on or about April 2007 until March 18, 2010, Defendants have been engaged in the "production of goods for commerce" as defined in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

ED is a corporation organized and existing under the laws of the State of Georgia.

12.

At all times material hereto, ED has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. §203(d).

13.

ED is subject to the personal jurisdiction of this Court.

14.

Santos resides within Gwinnett County, Georgia.

15.

At all times material hereto, Santos has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

16.

Santos is subject to the personal jurisdiction of this Court.

17.

Santos may be served with process at 745 Avalon Forest Drive, Lawrenceville, Georgia 30044.

## COUNT I - FAILURE TO PAY OVERTME

### 18.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

### 19.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

### 20.

During his employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours each week.

### 21.

Defendants failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from April 2007 through March 18, 2010.

### 22.

Defendants have willfully misclassified Plaintiff as an independent contractor when he is an employee under the FLSA.

23.

Defendants have willfully failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from April 2007 through March 18, 2010.

24.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

25.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

26.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorneys fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT II - UNLAWFUL DEDUCTIONS FROM PLAINTIFF'S PAY FOR THE PURPOSE OF COVERING THE COST OF WORKERS' COMPENSATION PREMIUMS**

27.

The allegations in all previous paragraphs above are incorporated by

reference as if fully set out in this paragraph.

28.

Plaintiff did not have the right to exercise control over the time, manner and method of the work to be performed while working as a painter for Defendants.

29.

Plaintiff was paid on an hourly basis while working as a painter for Defendants.

30.

From April 2007 through March 18, 2010, Defendants deducted a portion of Plaintiff's earnings in order to cover the cost of Workers' Compensation insurance.

31.

An agreement to deduct the cost of Workers' Compensation insurance from an employee's paycheck violates O.C.G.A. 34-9-121(a).

32.

An agreement to deduct the cost of Workers' Compensation insurance from an employee's paycheck is contrary to the public policy of the State of Georgia.

33.

With or without an agreement, it is unlawful to make deductions from an employee's paycheck in order to cover the cost of Workers' Compensation insurance.

34.

Defendants are liable to Plaintiff in an amount to be determined at trial for the amount of Workers' Compensation insurance deductions unlawfully taken from Plaintiff's pay.

35.

Defendants are liable to Plaintiff for his costs of litigation, including his reasonable attorneys' fees, to recover said unlawful deductions.

## PRAYER FOR RELIEF

Plaintiff respectfully requests:

1. That Plaintiff's claims be tried before a jury;

2. As to Count I, that Plaintiff  be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. As to Count II, that Plaintiff be awarded an amount to be determined at trial against Defendants jointly and severally for deductions unlawfully

withheld from his pay for the purpose of covering the cost of Workers'

Compensation insurance.

4. That Plaintiff be awarded costs of litigation, including his reasonable

attorneys' fees from Defendants; and

5. For such other and further relief as the Court deems just and proper.


*s/ Kevin D. Fitzpatrick, Jr.*          *s/ Charles R. Bridgers*
Kevin D. Fitzpatrick, Jr.               Charles R. Bridgers
Ga. Bar No. 262375                      Ga. Bar No. 080791
3100 Centennial Tower                   3100 Centennial Tower
101 Marietta Street                     101 Marietta Street
Atlanta, GA 30303                       Atlanta, GA 30303
(404) 979-3171                          (404) 979-3150
(404) 979-3170 (f)                      (404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com         charlesbridgers@dcbflegal.com

Counsel for Plaintiff                   Counsel for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **ERMES ANTONIO CORTEZ ,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action Number:** |
| | : | |
| **vs.** | : | |
| | : | <u>**Jury Trial Demanded**</u> |
| **ED PAINTING, INC., and EDWIN SANTOS,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

<u>**CERTIFICATE OF COUNSEL**</u>

     Pursuant to Local Rule 7.1, N.D.Ga., the above signatory attorney certified that this pleading was prepared with Times New Roman (14 point), one of the fonts and point selections approved by the Court in local Rule 5.1 B, N.D.Ga.

                            **DELONG, CALDWELL, BRIDGERS
& FITZPATRICK, LLC**

                            <u>*/s/ Charles R. Bridgers*</u>
                            Georgia Bar No. 080791
                            Charles R. Bridgers

_/s/ Kevin D. Fitzpatrick, Jr._
Kevin D. Fitzpatrick, Jr.
Georgia Bar No. 262375

Counsel for Plaintiff